UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,

                                                          **REPORT AND**
                                                          **RECOMMENDATION**

            -against-
                                                          CV 04-3464 (JS) (WDW)

RHONDA M. SMITH,
                          Defendant.
------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

By Order of Referral dated April 4, 2005, this matter was referred to the undersigned for

the purpose of determining whether a default judgment should issue and, if so, in what amount

damages should be awarded. In addition, the undersigned is asked to determine if attorney's fees

are to be awarded, and, if so, in what amount. For the reasons set forth herein, the undersigned

recommends that a default judgment be entered and that the plaintiff United States be awarded

damages, including interest to December 21, 2004, in the amount of $10,848.09, plus interest

from December 22, 2004 to the date of judgment, plus costs in the amount of $65 and attorney's

fees in the amount of $1,125.

## BACKGROUND

On August 12, 2004, the plaintiff United States of America commenced this action by

serving a copy of the summons and complaint on defendant Rhonda M. Smith ("Smith"). Smith

failed to answer, appear, or otherwise move. The plaintiff now seeks an award of damages and

costs, including attorney's fees.

**DISCUSSION**

**1.) DEFAULT JUDGMENT:**

On April 6, 2005, a Notation of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure was entered. Thereafter, the plaintiff moved for a default judgment. The undersigned has reviewed the complaint and finds that the facts alleged in the complaint are sufficient to state a claim for relief as to the cause of action for which the plaintiff seeks default judgement and recommends that a default judgment be entered, and damages awarded as follows.

**2.) DAMAGES:**

Because the plaintiff seeks a sum certain in this action, a detailed analysis of damages is unnecessary. The plaintiff seeks recovery on two notes, as follows:

|  | Claim No. C-92017W | Claim No. C-92018W |
|---|---|---|
| Principal | $2,676.33 | $3,696.70 |
| Interest through 12/21/2004 | $1,950.90 | $2,524.16 |
| Total Owed | $4,627.23 | $6,220.86 |

Accordingly, the undersigned recommends that damages be awarded in the principal amount of $6,373.03, plus interest of $4,475.06 through December 21, 2004, for a total of $10,848.09, and additional interest from December 22, 2005 to entry of judgment, pursuant to the Certificates of Indebtedness certified by the United States Department of Education, attached to the Complaint as Exhibits A&B.

**3.) COSTS AND ATTORNEY'S FEES:**

In addition to damages, the plaintiff seeks an award of costs, including attorney's fees, as collection fees in this matter. The assessment of collection fees against defaulted federal loans is

authorized by regulations enacted pursuant to the Higher Education Act of 1965 (HEA), 20

U.S.C. §1071, *et seq.* One such regulation sets forth the mandatory terms of a federal student

loan, and requires a promissory note to "state that the borrower shall pay all attorney's fees and

other loan collection costs and charges." 34 C.F.R. §674.31. The promissory notes executed by

Smith on or about November 19, 1990 and March 20, 1991 duly provide that if Smith, as the

borrower, fails to pay the amounts set forth in the note when they are due, she "will pay all

charges and other costs, including the fees of an outside attorney and court costs, that are

permitted by Federal law and regulations for the collection of this loan." [1] Federal law and

regulations permit the imposition of collection charges in "an amount equal to the reasonable

costs incurred by the agency in collecting a loan on which the agency has paid a default or

bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection

agency charges and court costs." 34 C.F.R. §682.410(b)(2). The plaintiff is thus entitled to

reasonable costs, including reasonable attorney's fees.

**a.) Costs:**

The plaintiff seeks $215 in costs, consisting of $150 in filing fees and $65 for service of

the summons and complaint. The United States is not required to pay a filing fee when initiating

an action in federal court; no such payment is reflected in the Civil Docket for this case; and the

plaintiff has not provided a receipt for payment of any fee. Thus, the $150 should be denied.

The $65 service fee, on the other hand, is substantiated by invoices from Federated Process

Service, Inc., and East End Legal Service, and that amount should be awarded.

---

[1]Copies of the promissory notes were not in the original papers submitted by the plaintiff, but were forwarded to court at the request of the undersigned and are now part of the record before the court.

**b.) Attorney's Fees:**

The plaintiff suggests an award of attorney's fees equal to 20% of the amount of damages

- here, $2,212.62 - or, alternatively, an award based on 4.5 hours of attorney work at a rate of

$350 per hour - $1,575.

The plaintiff claims, first, that a fee of 20% of the recovery is "in line with the percentage

awarded as reasonable attorney's fees by the federal courts." Sucher Aff. ¶7. The cases relied

upon by plaintiff, however, fail to support an award based on 20% of the amount sought.[2]

Further, calculation of attorney's fees using such an approach could lead to an unreasonable

result in cases where the amount owed on the promissory note is high. Thus, the court declines

to follow it.

The alternative approach suggested by the plaintiff is a basic lodestar calculation, that is,

"reasonable number of hours spent multiplied by a reasonable hourly rate." *See New York State*

*Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). The entitlement

to fees in this case, however, is not based on a typical fee-shifting statute giving rise to

application of the lodestar approach. *See, e.g.,* 42 U.S.C. §1988. Instead, the application here

relies on elements of both contractual and statutory entitlement to fees. In awarding fees in

---

[2]None of the cases relied on by the plaintiff involves an award of fees in a student loan
case and they are distinguishable on other grounds as well. *See Yurman Designs, Inc. v. PAJ,
Inc.,* 2002 WL 200242 (2d Cir. Feb. 8, 2002) (award of fees in complex case involving federal
copyright and state unfair competition law); *Wombles Charteres, Inc. v. Orix Credit Alliance,
Inc.,* 1999 WL 988546 (S.D.N.Y. Nov. 1, 1999) (underlying promissory note expressly stated
that attorney's fees would be 20% of monies due and owing, plus all costs and expenses of any
suit); *People's Westchester Sav. Bank v. Ganc,* 715 F. Supp. 610 (S.D.N.Y. 1989) (noting that
New York state courts have upheld fees as high as 20% of promissory notes' face value, but
awarding only 10% of face value where hours spent were excessive, and listing factors to
consider when determining reasonableness of attorney's fees).

student loan defaults, courts have looked to both the determination of what is "reasonable" in an award of contractual fees pursuant to a promissory note and to the lodestar approach. *See, e.g., United States v. Mueller,* CV 04-3063, Report and Recommendation, at 5-6 (E.D.N.Y. Dec. 22, 2004) (ETB), *adopted* (E.D.N.Y. Feb. 11, 2005)(JS). Underlying both approaches is the reasonableness of the fees sought. *See, e.g., People's Westchester Sav. Bank v. Ganc,* 715 F. Supp. 610 (S.D.N.Y. 1989) (citing *National Commercial Bank and Trust Co. v. Farina's Mkt, Inc.,* 406 N.Y.S.2d 979, 980 (Albany County Sup. Ct. 1978) (when determining reasonableness of attorney's fees provided for by clause in promissory note, courts can consider time expended, nature of services performed, expertise of lawyers and benefits achieved for client); *Hensley v. Eckerhart,* 461 U.S. 424, 430 n.3 (1983) (listing factors courts can look to in determining reasonable fees to be awarded in lodestar context).

Plaintiff's counsel claims that he spent approximately 4.5 hours litigating this matter and that his usual hourly rate is $350, and thus asks for an award of $1,575. He lists, in his affidavit, the services he typically performs in a collection case resulting in a default. Sucher Aff. ¶8. The court finds that the services listed could reasonably take 4.5 hours, and accepts that number as reasonable.

As to the hourly rate in a student loan default, Magistrate Judge Boyle, faced with a demand identical to the one before the court in this matter, found that, "based on the relative simplicity of the issues involved . . . , the defendant's default, and the market rate," he would recommend reducing the hourly rate to $250 per hour and awarding $1,125. *Mueller,* CV 04-3063, Report and Recommendation, at 6. The undersigned agrees with that approach and recommends that the plaintiff be awarded attorney's fees in the amount of $1,125.

**OBJECTIONS**

A copy of the Report and Recommendation is being sent by the Court to the plaintiff.  Any

objections to this Report and Recommendation must be filed with the Clerk of the Court with a

courtesy copy to the undersigned within 10 days of service.  Failure to file objections within this

period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636 (b) (1); Fed. R.

Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84

F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
   July 15, 2005

              /s/ William D. Wall
              WILLIAM D. WALL
              United States Magistrate Judge